# 𝔍𝔫 𝔱𝔥𝔢 𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔒𝔬𝔲𝔯𝔱 𝔬𝔣 𝔉𝔢𝔡𝔢𝔯𝔞𝔩 𝔒𝔩𝔞𝔦𝔪𝔰

No. 19-103C
Filed June 27, 2019
NOT FOR PUBLICATION

| | |
|---|---|
| RYAN KETH MATHISON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| THE UNITED STATES, | ) |
| | ) |
| Defendant. | ) |
| | ) |

*Pro se*; RCFC 12(b)(1); Subject-Matter Jurisdiction; RCFC 12(b)(6); Failure To State A Claim; *In Forma Pauperis*; Breach Of Contract.

*Ryan Keith Mathison,* Lisbon, OH, plaintiff *pro se.*

*Eric J. Singley*, Trial Attorney, *Lisa L. Donahue*, Assistant Director, *Robert E. Kirschman, Jr.*, Director, *Chad A. Readler*, Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.   INTRODUCTION

In this breach of contract action, plaintiff *pro se*, Ryan Keith Mathison, alleges that the government breached a settlement agreement that the parties entered into (the "Settlement Agreement") by seizing certain settlement proceeds that plaintiff received to satisfy a monetary judgment entered against him in an unrelated criminal matter. *See generally* Compl. The government has moved to dismiss this matter for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, pursuant to Rules 12(b)(1) and (b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). *See generally* Def. Mot. Plaintiff has also moved to proceed in this matter *in forma pauperis. See generally* Pl. Mot. to Proceed *In Forma Pauperis.* For the reasons discussed below, the Court: (1) **GRANTS-IN-PART** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.    Factual Background

Plaintiff *pro se*, Ryan Keith Mathison, is currently incarcerated in the Federal Correctional Institution Elkton located in Lisbon, Ohio.   Compl. at ¶ 3; *see also* Pl. Mot. to Proceed *In Forma Pauperis* at 1.   In this breach of contract action, plaintiff alleges that the government breached a settlement agreement that plaintiff and the United States entered to resolve certain civil claims related to the circumstances of plaintiff's heart attack while incarcerated, by seizing the settlement proceeds provided for under that agreement to satisfy a judgment in an unrelated criminal matter.   *Id.* at ¶¶ 7-8, 23-24.   As relief, plaintiff seeks to recover compensatory damages and costs from the government.   *Id.* at 4.

As background, plaintiff was convicted of engaging in a criminal enterprise, conspiracy to engage in money laundering and filing false tax returns in 2006.   Def. Mot. at 1-2; *see also United States v. Mathison*, 518 F.3d 935 (8th Cir. 2008).   As a result, plaintiff was sentenced to time in prison and to pay $400,000.00 to the United States.   Def. Mot. at 2; *see also* Compl. at ¶¶ 5, 14.

On August 26, 2010, plaintiff suffered a heart attack while incarcerated at the Federal Correctional Institution located in Pekin, Illinois (the "FCI Pekin").   Compl. at ¶¶ 5-6.   In 2012, plaintiff filed a civil action regarding the circumstances of his heart attack against the United States and several employees at the FCI Pekin in the United States District Court for the Central District of Illinois.   Def. Mot. at 2; *see also Mathison v. United States, et al.*, No. 12-1319 (C.D. Ill. Aug. 24, 2012).   Plaintiff and the United States subsequently entered into the Settlement Agreement to resolve that litigation in April 2017.   *See generally* Settlement Agreement. Pursuant to the terms of the Settlement Agreement, plaintiff received a payment of $50,000.00 from the government.   Settlement Agreement at § II(1).

---

[1] The facts recited in this Memorandum Opinion and Order are taken from the complaint ("Compl."); the Settlement Agreement attached thereto ("Settlement Agreement"); the government's motion to dismiss ("Def. Mot."); and plaintiff's response thereto ("Pl. Resp.").   Unless otherwise noted herein, the facts recited are undisputed.

Plaintiff alleges that, thereafter, the government seized $10,000.00 of these settlement proceeds to satisfy the monetary judgment previously entered against plaintiff in connection with his criminal conviction. Compl. at ¶¶ 16, 19-20. Plaintiff also alleges that the government breached the Settlement Agreement by seizing these funds, because the Settlement Agreement "discharged the personal judgment against [him]." *Id.* at ¶ 24.

There are several provisions in the Settlement Agreement that are relevant to this dispute. *See generally* Settlement Agreement. First, Section II of the Settlement Agreement provides, in relevant part, that:

> [The government] agrees to:
>
> (1). . . pay Plaintiff the total sum of $50,000 (fifty thousand dollars) . . . [and]
> (4) Comply with all other terms of this Settlement Agreement.

*Id.* at § II(1), (4). Section VI of the Settlement Agreement provides that

> Payment of the settlement amount . . . will be made by a check drawn from the Judgment Fund, Treasury of the United States, and made payable in the amount of $50,000.00 to Attorney Jared Kosoglad. Plaintiff's attorney agrees to distribute the settlement proceeds to Plaintiff in any manner agreed to between Plaintiff and his attorneys.

*Id.* at § VI.

In addition, Section IX of the Settlement Agreement provides, in relevant part, that:

> [N]othing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds, and this Agreement is executed without reliance on any representation by Defendant as to the application of any such law.

*Id.* at § IX. Lastly, Section XI of the Settlement Agreement makes clear that this agreement "contains the entire agreement between the parties."[2] *Id.* at § XI.

---

[2] The Settlement Agreement is executed on behalf of plaintiff by Jarod Kosoglad in his capacity as counsel for plaintiff. Settlement Agreement at § XIX. Section XV of the Settlement Agreements also provides that:

**B.     Procedural History**

Plaintiff commenced this action on January 16, 2019. *See generally* Compl.  On February 11, 2019, plaintiff filed a motion to proceed in this matter *in forma pauperis. See generally* Pl. Mot. to Proceed *In Forma Pauperis.*

On March 18, 2019, the government filed a motion to dismiss this matter, pursuant to RCFC 12(b)(1) and (b)(6). *See generally* Def. Mot.  On April 22, 2019, plaintiff filed a response and opposition to the government's motion to dismiss. *See generally* Pl. Resp.

These matters having been fully briefed, the Court resolves the pending motions.

**III.    LEGAL STANDARDS**

**A.     *Pro Se* Litigants**

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel.  And so, the Court applies the pleading requirements leniently.  *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007)).  When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel.  *See Haines v. Kerner*, 404 U.S. 519, 520(1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).  But, "[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing) (internal quotation marks omitted) (quoting *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995)).  And so, "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney . . . the *pro se* plaintiff, nevertheless,

---

Plaintiff acknowledges that he has discussed this Settlement Agreement with his counsel, who has explained these documents to him.  Plaintiff acknowledges that he understands all of the terms and conditions of this Settlement Agreement.  Plaintiff further acknowledges that he has read this Settlement Agreement, understands the contents thereof, and executes this Settlement Agreement of his own free act and deed.  The undersigned represent that they are fully authorized to enter into this Agreement.

*Id.* at § XV.

4

bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). And so, the Court may excuse ambiguities, but not defects, in the complaint. *See, e.g.*, *Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B.    RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1). But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence. *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). Should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim." *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). The Tucker Act is, however, "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages. [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the Unit

ed States. *Cabral v. United* States, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005)); *see also Martinez v. United States*, 333 F.3d 1295, 1302 (Fed. Cir. 2003). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 217 (1983)).

With regards to breach of contract claims, the Court possesses subject-matter jurisdiction to consider express or implied-in-fact contract claims against the United States. *See Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009). But, plaintiff bears the burden of proving the existence of a contract with the United States and he must demonstrate that there is "something more than a cloud of evidence that could be consistent with a contract to prove a contract and enforceable contract rights." *D & N Bank v. United States*, 331 F.3d 1374, 1377 (Fed. Cir. 2003).

To pursue a breach of contract claim against the United States, plaintiff must have privity of contract with the United States. *Flexfab, L.L.C. v. United States*, 424 F.3d 1254, 1263 (Fed. Cir. 2005) (citations omitted) ("[T]he 'government consents to be sued only by those with whom it has privity of contract.'"). Plaintiff must also support his contract claim with well-pleaded allegations going to each element of a contract. *See Crewzers Fire Crew Transp., Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies."); *Gonzalez-McCaulley Inv. Grp., Inc. v. United States*, 93 Fed. Cl. 710, 715 (2010).

The requirements for establishing a contract with the United States are identical for express and implied-in-fact contracts. *See Night Vision Corp. v. United States*, 469 F.3d 1369, 1375 (Fed. Cir. 2006); *Huntington Promotional & Supply, LLC v. United States*, 114 Fed. Cl. 760, 767 (2014) ("The elements are the same for an express or implied-in-fact contract . . . ."). Specifically, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of

ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012); *see also Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325 (Fed. Cir. 1997). A government official's authority to bind the United States must be express or implied. *Roy v. United States*, 38 Fed. Cl. 184, 188-89 (1997), *dismissed*, 124 F.3d 224 (Fed. Cir. 1997). And so, "the [g]overnment, unlike private parties, cannot be bound by the apparent authority of its agents." *Id.* at 187.[3]  The United States Court of Appeals for the Federal Circuit has held that "[a] settlement agreement is a contract, and is reviewed, like all contracts, to ascertain its meaning including, if required to implement its purposes, determination of contractual intent and mutual understanding." *Slattery v. Dep't of Justice*, 590 F.3d 1345, 1347 (Fed. Cir. 2010).

### C.    RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief can be granted pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor. *See Call Henry, Inc. v. United States*, 855 F.3d 1348, 1354 (Fed. Cir. 2017) (citing *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014). And so, to survive a motion to dismiss under RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to

---

[3] A government official possesses express actual authority to bind the United States in contract "'only when the Constitution, a statute, or a regulation grants it to that agent in unambiguous terms.'" *Jumah v. United States*, 90 Fed. Cl. 603, 612 (2009), *aff'd*, 385 F. App'x 987 (Fed. Cir. 2010) (internal citations omitted); *see also City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990) (citation omitted). On the other hand, a government official possesses implied actual authority to bind the United States in contract "when the employee cannot perform his assigned tasks without such authority and when the relevant agency's regulations do not grant the authority to other agency employees." *SGS-92-X003 v. United States*, 74 Fed. Cl. 637, 652 (2007) (citations omitted); *see also Aboo v. United States*, 86 Fed. Cl. 618, 627 (2009) (stating that implied actual authority "is restricted to situations where 'such authority is considered to be an integral part of the duties assigned to a [g]overnment employee'") (quoting *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989)). In addition, when a government agent does not possess express or implied actual authority to bind the United States in contract, the government can still be bound by contract if the contract was ratified by an official with the necessary authority. *Janowsky v. United States*, 133 F.3d 888, 891-92 (Fed. Cir. 1998). Ratification may take place at the individual or institutional level. *SGS-92-X003*, 74 Fed. Cl. at 653-54.

relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity," and determine whether it is plausible, based upon these facts, to find against the defendant. *Id.* at 678, 679 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

## IV.    LEGAL ANALYSIS

The government has moved to dismiss this matter for lack of subject-matter jurisdiction upon the ground that the Court does not possess subject-matter jurisdiction to consider plaintiff's claim seeking to modify his criminal conviction or penalties. Def. Mot. at 4-5. The government also moves to dismiss this matter for failure to state a claim upon which relief can be granted, upon the ground that plaintiff fails to identify any breached provisions in the Settlement Agreement to support a breach of contract claim. *Id.* at 5-6.

Plaintiff counters in his response and opposition to the government's motion to dismiss that the Court possesses subject-matter jurisdiction to consider his claims, because he is not challenging his criminal conviction in this action. Pl. Resp. at 2-3. Plaintiff also argues that he states a plausible breach of contract claim in the complaint, because the complaint identifies the provisions of the Settlement Agreement that support this claim. *Id.* at 3-4. Plaintiff has also moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. And so, plaintiff requests that the Court deny the government's motion to dismiss.

For the reasons discussed below, a plain reading of the complaint makes clear that plaintiff has alleged a breach of contract claim that falls within the Court's subject-matter jurisdiction under the Tucker Act. But, plaintiff has not stated a plausible breach of contract claim in the complaint. In addition, plaintiff has shown that he satisfies the statutory requirements to proceed in this matter without paying the Court's filing fee. And so, for these reasons the Court: (1) **GRANTS-IN-PART** the government's motion to dismiss; (2) **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and (3) **DISMISSES** the complaint.

## A. The Court May Consider Plaintiff's Breach Of Contract Claim

As an initial matter, the government argues without persuasion that the Court should dismiss this matter for lack of subject-matter jurisdiction because the Court may not consider plaintiff's claim seeking to modify his criminal conviction or penalties. Def. Mot. at 4-5. The government correctly argues that the Court may not consider criminal law and tort claims, or constitutional claims based upon the Fourth Amendment and Due Process Clauses of the Fifth and Fourteenth Amendments. *Id.*; *see also Humphrey v. United States*, 52 Fed. Cl. 593, 598 (2002), *aff'd*, 60 F. App'x 292 (Fed. Cir. 2003) (citations omitted). But, a plain reading of the complaint in this case makes clear that the crux of plaintiff's claim here is for breach of contract arising from the Settlement Agreement by and between plaintiff and the government. *See* Compl. at ¶¶ 22-25.

In Count I of the complaint, plaintiff alleges that "[t]he United States of America breached the Settlement Agreement with the Plaintiff by seizing [his] settlement funds." *Id.* at ¶ 23. Plaintiff also alleges that the Settlement Agreement "discharged the personal judgment against [him]," and he states in the complaint that "[t]his is a civil action seeking damages against the Defendant for breach of contract." *Id.* at ¶¶ 1, 24. Given this, the Court reads the complaint to allege a breach of contract claim against the United States, rather than to challenge plaintiff's prior criminal conviction and monetary judgment.[4]

It is well-established that the Tucker Act grants this Court subject-matter jurisdiction to entertain claims against the United States for breaches of express or implied contracts. 28 U.S.C. § 1491(a)(1); *see also Aboo v. United States*, 86 Fed. Cl. 618, 626-27 (2009). The Federal Circuit has also held that "[a] settlement agreement is a contract, and is reviewed, like all contracts, to ascertain its meaning . . . ." *Slattery v. Dep't of Justice*, 590 F.3d 1345, 1347 (Fed. Cir. 2010). Because a careful reading of the complaint makes clear that plaintiff alleges a breach

---

[4] The complaint does, however, contain some allegations that involve matters beyond the Court's subject-matter jurisdiction under the Tucker Act. For example, plaintiff alleges in the complaint that the money judgment obtained against him in his criminal case is "void and violates the statute used as a basis to obtain it." Compl. ¶15. Plaintiff also alleges that the seizure of his settlement proceeds was "by use of an unlawful warrant." *Id.* at ¶ 17.

of contract claim against the United States in this case, the Court **DENIES** the government's motion to dismiss this matter for lack of subject-matter jurisdiction.

### B.  Plaintiff Fails To Allege A Plausible Breach Of Contract Claim

While the Court may consider plaintiff's breach of contract claim, a careful review of the complaint also makes clear that plaintiff fails to state a plausible breach of contract claim in the complaint.  In the complaint, plaintiff alleges that the government breached the Settlement Agreement by seizing a portion of his settlement funds to satisfy a criminal monetary judgment that has been "discharged." Compl. at ¶¶ 23-24.  But, plaintiff identifies no provision in the Settlement Agreement that either discharges the monetary judgment entered in his criminal case, or prohibits the government from seizing his settlement proceeds. *See generally* Pl. Resp.

Plaintiff does point to Section I of the Settlement Agreement to argue that the Settlement Agreement extinguishes his monetary judgment. Compl. at ¶ 15.  But, that general provision simply makes clear that the Settlement Agreement resolves all claims related to plaintiff's civil case against the government and several employees at FCI Pekin.  Settlement Agreement at § I.

Plaintiff's allegation that the Settlement Agreement alters his obligation to satisfy the outstanding monetary judgment against him is also belied by another provision in that agreement.  Notably, Section IX of the Settlement Agreement provides that "nothing in this Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Agreement or the settlement proceeds . . . ." *Id.* at § IX.  And so, the Settlement Agreement makes clear that this agreement does not discharge or extinguish any liens or levies against plaintiff, including the monetary judgment against plaintiff.

Plaintiff has also not identified—and the Court does not find—any provision in the Settlement Agreement that would prohibit the government from seizing his settlement proceeds to satisfy an outstanding monetary judgment. *See generally id.*  In addition, plaintiff acknowledges in the complaint that he received the $50,000.00 in settlement proceeds from the government, as required under the terms of the Settlement Agreement.  Compl. at ¶¶ 13, 16; *see also id.* at § II(1).

Given this, plaintiff simply has not plausibly alleged that the government breached the Settlement Agreement by seizing his settlement proceeds. And so, the Court must dismiss plaintiff's breach of contract claim pursuant to RCFC 12(b)(6).

### C. The Court Grants Plaintiff's Motion To Proceed *In Forma Pauperis*

As a final matter, the Court **GRANTS** plaintiff's motion to proceed in this matter without paying the Court's filing fee. Plaintiff has moved to proceed in this matter *in forma pauperis*. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize the commencement of a lawsuit without prepayment of fees when a plaintiff submits an affidavit including a statement of all assets, a declaration that plaintiff is unable to pay the fees, and a statement of the nature of the action and a belief that plaintiff is entitled to redress. *See* 28 U.S.C. § 1915(a)(1); *see also id.* § 2503(d). When plaintiff is a prisoner, as is the case here, plaintiff must also submit "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2).

In this case, plaintiff has submitted an application for leave to proceed in this matter *in forma pauperis* and the necessary statements regarding his monthly $150.00 prison payment from the Federal Correctional Institute and the $50.80 in his inmate account. *See* Pl. Mot. to Proceed *In Forma Pauperis*. And so, the Court concludes that plaintiff has satisfied the statutory requirements to proceed in this matter *in forma pauperis* for the purpose of resolving the government's motion to dismiss.

### V.   CONCLUSION

In sum, a generous reading of plaintiff's complaint makes clear that plaintiff has alleged a breach of contract claim in this action, but, plaintiff fails to state a plausible breach of contract claim in the complaint. Plaintiff has, however, shown that he satisfies the statutory requirements to proceed in this matter without paying the Court's filing fee.

And so, for the foregoing reasons, the Court:

1. **GRANTS-IN-PART** the government's motion to dismiss;

2. **GRANTS** plaintiff's motion to proceed *in forma pauperis*; and

3.   **DISMISSES** the complaint.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.

Each party shall bear its own costs.

**IT IS SO ORDERED.**

_____
LYDIA KAY GRIGGSBY
Judge